ZEHMER, Judge
(specially concurring and dissenting).
While I concur in the reversal and remand ordered by the court’s opinion, my concurrence is qualified to some extent. I do not agree that the intent of the parties to the attorney fee agreement and the legal effect thereof is as clearly established as the court’s opinion makes it out to be. Unquestionably, the plaintiff and his attorney made a conventional one-third contingent fee contract, as outlined in the court’s opinion. However, the testimony in the record does not necessarily explain the intent of their agreement in the event the trial court should award a reasonable attorney’s fee to the plaintiff. Contracts must be construed as having been made in contemplation of the applicable law, and such *942 law is usually implicitly or expressly incorporated in the contract terms. The law when this contract was made, as now, permitted the payment only of a reasonable fee, whether calculated by a contingency percentage or set by the court. The law also permitted these parties to agree that plaintiffs attorneys would be paid a reasonable fee consisting either of one third of the plaintiffs recovery, or a reasonable fee to be set by the court and paid by the defendant, whichever might be greater. The law and customary practice at the time this agreement was made generally contemplated that plaintiffs attorney would receive the reasonable fee awarded by the court if that amount should be the greater of the two amounts. Despite the testimony of record that this agreement was basically a one-third contingency contract, whether the plaintiff and his attorneys intended that the reasonable fee awarded by the court was or was not to be reduced by the one-third contingency was not the subject of detailed inquiry upon the record, no doubt because the parties and the court were primarily concerned at the hearing with whether Rowe should be retroactively applied rather than with whether, under the fee agreement, the reasonable fee awarded by the court was intended by the plaintiff and his attorney to be limited to the one-third contingency. While I concur in reversing and remanding for further proceedings, I do so with the belief that the parties should be allowed, if they so desire, to present further evidence and legal argument on the precise meaning and legal effect of the contract of employment between plaintiff and his attorney. Because the trial court has never directly passed on this precise issue, that court should be the first to determine the extent to which the agreement so made operates to limit or reduce the amount of fee that the trial court has deemed to be reasonable under all the circumstances. I strongly disagree with this court’s interpreting the testimony and determining the intent of the parties in the absence of a prior finding on these matters by the trial court. To the extent that the majority opinion is intended to preclude such further consideration, I must respectfully dissent.
ON MOTION FOR CLARIFICATION
PER CURIAM.
Appellee’s motion for clarification is denied.
SHIVERS, C.J., and THOMPSON, J., concur.
ZEHMER, J., dissenting with written opinion.